```
                 UNITED STATES DISTRICT COURT
                            FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :    No. 4:CV-05-1579
                                :
     Plaintiff,                 :    Complaint filed 08/05/05
                                :
         v.                     :    Judge Muir
                                :
PATTI A. MENGES,                :
                                :
     Defendant                  :
```

ORDER

December 2, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 5, 2005, the United States of America initiated this action by filing a complaint against Patti A. Menges. The government claims that Menges obtained a mortgage for real estate through the United States Department of Agriculture and that Menges is in default of the terms of the mortgage.

On September 9, 2005, Menges signed and returned to the government a waiver of service of the summons. The document notified Menges that a judgment may be entered against her if no answer or motion pursuant to Federal Rule of Civil procedure 12 was served upon the government within 60 days after September 6, 2005. To this date Menges has not responded in any manner to the complaint filed in this case.

On November 8, 2005, the government filed a request addressed to the Clerk of Court to enter a default, a motion addressed to the court for default judgment, and a brief in

support of the motion for default judgment. The Clerk of Court entered a default against Menges on August 2, 2005.

The motion for default judgment is supported by an affidavit and a brief. The time allowed for Menges to file an opposition brief expired on November 28, 2005. To this date she has not filed any document in this case. We consider the motion for default judgment to be ripe for disposition because the motion itself, supporting affidavit and brief, and docket entries provide us with all of the information necessary to rule on the pending motion.

One reason to grant the motion is that it is unopposed. *See* M.D. Local Rule 7.6 (providing that the failure to file an opposition brief "may result in the court granting the motion on the basis that it is unopposed"). That is not the only reason to grant the government's motion.

The Court of Appeals for the Third Circuit has stated that the following factors govern the disposition of a motion for a default judgment: (i) whether the plaintiff will be prejudiced if the default judgment is denied; (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Spar v. Choice Security Systems, Inc., 880 F. Supp. 402, 404 (E.D. Pa. 1995)(Brody, J.). The decision as to whether to grant

a motion for a default judgment is in the court's discretion. Id. at 402.

The first factor weighs against the government because it has not argued or demonstrated that it would be prejudiced if we do not enter a default judgment against Menges.

With respect to the second factor, we are unable to evaluate the merits of Menges's potential defense or defenses because she has not informed us of any defense. In addition, a cursory review of the complaint has not revealed any obvious defense that she could assert in this action. This factor weighs in favor of the government.

The last element also favors the government because Menges is solely at fault for failing to file a responsive pleading.

The United States has established that it is entitled to a default judgment in this case. We will grant its motion for that relief.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The United States's motion for a default judgment against Menges (Document 7) is granted.
2. Judgment is hereby entered in favor of the United States and against Menges in the amount of $138,163.45, plus interest at the rate of $18.71 per day from March 7, 2005, to the date of any Marshal's sale or other sale of the property.

3. The mortgage between the United States and Menges is foreclosed as to the real property described therein. In accordance with § 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.

4. The real property described in the mortgage shall be sold pursuant to the following process:

   a) The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. § 2001 within 180 days after the date of this order. Notice shall be given, in accordance with 28 U.S.C. § 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the real estate is situated. Plaintiff shall advertise a complete legal description of the property.

   b) Ten (10) percent of the highest bid shall be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money

shall be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all his or her rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, the defaulting bidder shall make good to the person thereby injured.  The highest bidder shall take the real estate subject to and shall pay all current state and local taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps.  If the United States is not the successful bidder, the United States will automatically be registered as

        the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

   c)   The United States or its nominee is granted a right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records, accounts, and all other items, things, and information necessary for the inspection, advertisement, and sale of the property.

5. A motion for confirmation of the public sale shall be made by the Marshal or the United Sates within 30 days after the date of the sale.

6. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale, after deducting the costs and expenses of the sale, pending distribution pursuant to further order of this court.

7. The United States shall be paid the amount adjudged due upon the distribution of the proceeds of the sale.

8. The Clerk of Court shall forthwith provide the United States Marshal with a copy of this order.

9. Jurisdiction is retained over this matter for the

granting of such further orders as the circumstances may require.

                                              <u>s/Malcolm Muir</u>
                                              MUIR, U.S. District Judge

MM:ga